UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROBERT E. SMITH, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00050-JAR |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Robert E. Smith for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of the Court to issue process upon defendants Chantay Godert and Anne Precythe, and order defendants to respond to plaintiff's motion for a preliminary injunction within fifteen days of the Court's order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not yet filed a certified inmate account statement. However, due to the nature of plaintiff's complaint, the Court will allow plaintiff to proceed without one. Therefore, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Northeast Correctional Center in Bowling Green, Missouri. He has filed a pleading entitled "Preliminary Injunction." Within this pleading, plaintiff states that in August 2016, he spent a week in Mercy Hospital. At that time, it was discovered that he had a heart and lung condition. Plaintiff states that he has been prescribed medication that he needs in order to treat his heart condition.

On September 6, 2017, plaintiff states that he was sent to Greene County, Missouri. While in Greene County, plaintiff received a C.T. scan and received all his medication. However, plaintiff claims that when he was returned to the Northeast Correctional Center, he learned that there were no doctors and that his heart and other medications could not be filled. He provides a partial list of medications that he is prescribed which includes Norvasc, Carvedilol,

3

Lasix, and potassium. Plaintiff alleges that he requested medical services seven times, but all requests were "ignored." He also alleges that he filed an emergency informal resolution request with his caseworker, but received no response.

Plaintiff alleges that he is sixty years old, and that not receiving his heart medication could result in irreparable injury or death. He claims that he has had to miss meals and has self-declared medical emergencies. Nevertheless, plaintiff states that he has been told by staff at the Northeast Correctional Center that nothing can be done until plaintiff sees a doctor. Plaintiff states that this amounts to deliberate indifference to his medical needs. Plaintiff is seeking a court order that he be taken to a doctor or transferred to a correctional center with a doctor on staff.

## Discussion

### A. Preliminary Injunction

Plaintiff's pleading seeks preliminary injunctive relief. In considering whether to grant preliminary injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995) (citing *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). For an injunction to issue "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* Regarding the issue

of when a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.*

The Court notes that plaintiff's allegations that he is not receiving his heart medication and is unable to see a doctor are serious. He alleges the threat of irreparable harm in that he claims there is a possibility of dying if he does not take his medications. Based on the seriousness of the allegations, and the time sensitivity of the issue, the Court will order defendants to respond to plaintiff's motion for a preliminary injunction within **fifteen (15) days** of this Court's order. The response should include an answer as to whether or not there is a doctor at Northeast Correctional Center, and whether or not plaintiff is receiving his heart medications.

### B. 28 U.S.C. § 1915(e)(2)(B) Review

Plaintiff appears to have alleged sufficient facts to state a claim pursuant to § 1915(e)(2)(B). The government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1237-38 (8th Cir. 1997). Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

Here, plaintiff is claiming that he has not received any treatment for his heart condition because a doctor is not available at the Northeast Correctional Center. Specifically, he is not getting the medications that he was previously prescribed for his heart condition. He also claims

5

that prison officials are aware of his medical needs, but have not taken the appropriate steps to meet them. Plaintiff is alleging that Godert, as warden, and Precythe, as Director of the Missouri Department of Corrections, are responsible for the medical situation at Northeast Correctional Center. These allegations, which must be taken as true, are sufficient to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Clerk of the Court will be directed to serve process upon Chantay Godert and Anne Precythe in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue process or casue to issue on the complaint as to defendants Chantay Godert and Anne Precythe. The defendants shall be served in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that defendants must respond to plaintiff's motion for preliminary injunction within **fifteen (15) days** of the Court's order.

Dated this 12th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE