# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT E. SMITH, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:18-cv-00050-JAR<br>) |
| CHANTAY GODERT, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Robert E. Smith's motion for preliminary injunction. In the motion, plaintiff states that he is currently incarcerated at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. He alleges that there is no doctor at NECC, and that because of this, plaintiff has been unable to get his heart medication refilled. According to plaintiff, he has requested medical treatment seven times, which requests have been denied. He has filed an emergency informal resolution request (IRR), to which he has received no response. He states that he has had to miss meals and has self-declared medical emergencies. Plaintiff claims that he is sixty years old, and that he is in danger of immediate and irreparable injury.

In response, defendants Chantay Godert, the Warden at NECC, and Anne Precythe, the Director of the Missouri Department of Corrections (MDOC), state that they are not responsible for plaintiff's healthcare. Defendants state that healthcare at NECC is provided by Corizon, Inc., with whom the MDOC has contracted to provide medical services. As such, neither Godert nor Precythe had any knowledge of plaintiff's alleged medical concerns. Furthermore, defendants state that plaintiff has failed to state a claim of deliberate indifference because plaintiff's

allegations amount to a "mere disagreement with the course of his medical treatment." *See Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

The Court finds defendants' response to be inadequate and unpersuasive. Plaintiff is not disagreeing with a course of treatment; rather, his allegation is that he is not being provided any treatment and, in particular, he is not being provided the treatment that he was previously prescribed. Moreover, he is not merely complaining about his medical treatment at NECC, he is alleging that there is no doctor at NECC whatsoever. Accordingly, the Court is ordering that plaintiff be examined by a doctor to determine what, if any, medications are necessary to treat his heart condition. Defendants are required to provide plaintiff with a medical examination by a medical doctor or provide the Court with evidence that plaintiff has in fact been seen by a doctor.

**IT IS HEREBY ORDERED** that within fifteen (15) days of the date of this Order, defendants shall either provide plaintiff with a medical examination, to be performed by a medical doctor or provide the Court with evidence that plaintiff has been seen by a doctor already.

**IT IS FURTHER ORDERED** that defendants shall obtain from that provider a report that details the provider's findings regarding plaintiff's health, and shall file with the Court, under seal, a copy of that report.

**IT IS FURTHER ORDERED** that defendant shall provide to plaintiff any medications that the provider deems necessary.

Dated this 28th day of August, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

2