UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00050-JAR |
| | ) | |
| CHANTAY GODERT and ANNE | ) | |
| PRECYTHE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter comes before the Court upon its review of the file.  On June 25, 2018, Plaintiff filed his complaint for preliminary injunction, claiming that he had not received medical treatment or medications for his heart and lung condition and that there are no doctors available at the correctional facility.  He seeks medical attention by a doctor on staff and refills of his prescriptions, or to be transferred to a correctional center with a doctor on staff.  (Doc. No. 1).

On August 28, 2018, the Court directed Defendants to either provide Plaintiff with a medical examination performed by a medical doctor or, alternatively, provide the Court with evidence that Plaintiff had already been seen by a doctor.  (Doc. No. 12).  Defendants complied and submitted medical records reflecting that Plaintiff had been examined by a medical doctor on August 22, 2018 and September 6, 2018.  They also confirmed that Plaintiff would be provided any medications deemed necessary and prescribed by his treating providers.  (Doc. No. 13).

Thereafter, Plaintiff filed a motion asking to be transferred to a medical camp because the correctional facility remained without a fulltime doctor on staff.  He claimed that on October 31, 2018, he was sent to the medical unit with an infection and that he was admitted and given IV

antibiotics. He maintains that he still has open wounds on his right hand and arm and is not receiving treatment for them. (Doc. No. 23).

On December 6, 2018, the Court construed Plaintiff's motion as his continuing effort to obtain injunctive relief and ordered Defendants to file a status report with a summary of the provision of medical services to Plaintiff over the last 90 days.  It also directed Plaintiff to disclose his witness list to Defendants and respond to written discovery within 45 days.  (Doc. No. 26). Then, on December 20, 2019, Defendants submitted Plaintiff's medical records detailing Plaintiff's consistent treatment by a certified nurse or medical doctor, as well as medications administered to Plaintiff.  (Doc. No. 29).

Pursuant to the Case Management Order, discovery closed on March 14, 2019.  (Doc. No. 16).  On March 21, 2019, the Court noted that Plaintiff had been receiving consistent treatment and access to medications, so it directed Plaintiff to show cause why the case should not be dismissed because the relief sought in his complaint for injunctive relief had been obtained.  (Doc. No. 38).

On August 5, 2019, Plaintiff responded that a case or controversy remains because the correctional facility does not have a fulltime doctor on staff, which is the subject of his complaint for injunctive relief.  He makes additional complaints about the conditions of his confinement (including that he does not receive enough adult diapers) and about other medical conditions for which he has not yet been treated.  (Doc. No. 42).[1]  Defendants reply that Plaintiff failed to state a plausible claim under the Eighth Amendment and argue that it has provided records reflecting

---

[1] On September 10, 2019, Plaintiff sent a letter in which he informed the Court that the prison had not yet scheduled him to see a neurosurgeon (even though he was approved to see one in March of 2019), that the prison had recently laid off employees responsible for ordering and passing out medical supplies, and that his and his neighbor's wheelchair have missing or broken pieces.

that Plaintiff has received medical care at the correctional facility.  They urge the Court to dismiss Plaintiff's complaint for failure to state a claim.  (Doc. No. 44).

Upon careful consideration, the Court finds that Plaintiff has received all of the equitable relief to which he is entitled.  Plaintiff originally sought a preliminary injunction to obtain medical treatment wherein he alleged that the Northeast Correctional Center did not have a doctor on its campus and that he was no longer receiving refills of his necessary medications.   In response to Plaintiff's allegations, the Court ordered the Defendants to file evidence that the Plaintiff had been receiving medical treatment.  Defendants have done so by providing proof that Plaintiff has been seen by medical professionals and that he has been in receipt of his medications.  Based on these filings, the Court finds that the relief sought by Plaintiff has been obtained.  Plaintiff's request for injunctive relief is therefore moot. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (district court *sua sponte* dismissed a complaint for failure to state a claim because, inter alia, the plaintiff's release from jail rendered his request for injunctive relief moot).

As for the other issues that Plaintiff has identified, such as the lack of a fulltime doctor on staff or the rationing of hygienic items, the Court cannot provide him relief.  The Court does not have control over the Department of Corrections and cannot force it to take an action without cause.  Here, Plaintiff has not raised a claim concerning the constitutionality of the conditions of his confinement; rather, he singularly brought a claim for injunctive relief which has since been proven moot.  To the extent Petitioner seeks other relief, the Court cannot provide it through the vehicle of a mooted claim.  If Petitioner wishes, he may file a complaint concerning his other allegations and seek relief under a different cause of action.

Because Defendants have provided proof that Plaintiff has been receiving medical care and the remaining relief Plaintiff seeks cannot be granted, The Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for injunctive relief (Doc. No. 1) is **DENIED** and that the case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

Dated this 21th day of April, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**